IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID FINNEY JR., ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CHIPOTLE SERVICES LLC, ) | |
| d/b/a CHIPOTLE SERVICES and/ or ) | |
| CHIPOTLE MEXICAN GRILL ) | |
| ) | **Jury Trial Requested** |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, DAVID FINNEY JR., by and through his counsel, Lisa Kane of Lisa Kane & Associates, and complaining of Defendant, CHIPOTLE SERVICES LLC, d/b/a CHIPOTLE SERVICES and/or CHIPOTLE MEXICAN GRILL, states as follows:

### PRELIMINARY STATEMENT

1. This is an action seeking redress for violations of rights guaranteed to Plaintiff by 42 U.S.C. § 1981. Plaintiff seeks mandatory injunctive relief and damages to redress Defendant's discriminatory employment practices.

### JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(a)(3) and (4) to secure protection of and to redress deprivations of rights secured by 42 U.S.C. § 1981. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

### VENUE

3. Venue is proper under 28 U.S.C. § 1391 (b)(1) and (2).

1

## PARTIES

4. Plaintiff, DAVID FINNEY JR., (hereinafter "Plaintiff"), is an African American, male, citizen of the United States.

5. Defendant, CHIPOTLE SERVICES LLC, d/b/a CHIPOTLE SERVICES and/ or CHIPOTLE MEXICAN GRILL, (hereinafter "Defendant" or "Chipotle"), is a foreign corporation which has at all times relevant hereto, conducted, and continues to conduct, business in the State of Illinois. Defendant has continuously, and does now employ more than fifteen (15) employees. Defendant, Chipotle, is engaged in an industry that affects commerce and is an employer for the purposes of 42 U.S.C. § 2000e et seq.

## COUNT I
## 42 U.S.C. § 1981
## RACIAL HARASSMENT

6. Paragraphs one (1) through five (5) are incorporated by reference as if fully set out herein.

7. Plaintiff, who is African American, began his employment with Defendant as a Crew Member in November of 2013, at Defendant's South Loop restaurant location.

8. Throughout his employment relationship with Defendant, Plaintiff performed to Defendant's reasonable satisfaction, and any assertion to the contrary is merely pretext for racial harassment.

9. During Plaintiff's employment with Defendant, all of the managers at Defendant's South Loop location were Hispanic.

10. Cindy Gutierrez, Defendant's Hispanic General Manager, was Plaintiff's direct supervisor throughout his employment with Defendant. Plaintiff was also supervised by Defendant's

2

Apprentice, Jesus Gonzalez, Defendant's Service Manager, Andre Velez, and Defendant's Kitchen Manager, Joseph Medina.

11. Immediately at the outset of his employment relationship with Defendant, Plaintiff was subjected to egregious racial harassment directed at him because of his race, African American.

12. Defendant's Hispanic supervisors, including General Manager, Cindy Gutierrez, Apprentice, Jesus Gonzalez, and Kitchen Manager, Joseph Medina, incessantly demeaned Plaintiff by calling him "nigger" several times a day throughout each shift.

13. Plaintiff was forced to endure a slew of derogatory, soul-crushing racial slurs on a daily basis during his employment from Defendant's Hispanic management employees. Examples of the dehumanizing racial slurs directed at Plaintiff by Defendant's Hispanic General Manager, Gutierrez, Defendant's Hispanic Apprentice, Gonzalez, Defendant's Hispanic Kitchen Manager, Medina, and Hispanic coworkers, include, without limitation:

- "nigger;"
- "bitch-ass nigger;"
- "snitch-ass nigger;"
- "nigger, take out the garbage;"
- "nigger, wash the dishes;"
- "nigger, this is my grill, you go in the back;"
- "nigger we can go outside and throw those hands;"
- "nigger I'm gonna fuck you up!"
- "I'm gonna get rid of this nigger;" and
- "I'm about to fire this nigger."

14. Defendant's Hispanic managers punctuated their abhorrent verbal racial abuse of Plaintiff by physically threatening Plaintiff. Examples of the racially abusive physical threats Plaintiff experienced include, without limitation:

- Kitchen Manager Joseph Medina menacingly growled at Plaintiff, "nigger I'm gonna fuck you up!" referencing physically harming Plaintiff;
- Apprentice Jesus Gonzalez aggressively threatened, "nigger, we can go outside and throw these hands," referencing physically beating Plaintiff; and
- General Manager Cindy Gutierrez threatened, "I'm gonna get rid of this nigger!"

15. Equally abhorrent, while Plaintiff was cutting meat next to the grill, Defendant's Kitchen Manager, Joseph Medina, barked at Plaintiff, "nigger, I'm gonna fuck you up!" As a result of Medina's ominous threat of physical harm, Plaintiff feared for his life.

16. Moreover, Plaintiff was subjected to less favorable terms and conditions of his employment than his non-African American coworkers. In this regard, Plaintiff was forced to work two hours after his shift ended, despite the fact that he had automatically been clocked out and thus was not compensated for the extra hours he worked.

17. Defendant, through its management employees, created an oppressive atmosphere and made it impossible for employees to complain of harassment, as Defendant failed to train employees on harassment.

18. Defendant never instructed Plaintiff on its harassment policy and deliberately failed to make Plaintiff aware of Defendant's procedure regarding employee complaints of harassment.

19. During his employment, Plaintiff was never provided with a copy of Defendant's harassment policy and never received a policy handbook from Defendant.

20. Further, there were no posters displayed at Defendant's South Loop restaurant outlining the recourse available to employees who experience harassment in the workplace.

21. Notably, Defendant deliberately failed to advise Plaintiff of the existence of its Respectful Workplace Hotline.

22. Even if Defendant had made Plaintiff aware of the existence of its Respectful Workplace Hotline, calling the hotline to make a complaint of harassment would have been an exercise in futility.

23. Despite never receiving any training on harassment, on a continuous basis through his last day of employment, Plaintiff reported the abhorrent racial harassment he was forced to endure to Defendant's management employees. Specifically, Plaintiff complained of the racially abusive treatment he suffered to Defendant's Hispanic Restaurateur, Patricia Alvarez, and Stephanie Vasquez, Defendant's Hispanic Team Leader, to no avail.

24. Despite Plaintiff's vociferous complaints of racial harassment to Defendant's Restaurateur, Alvarez, and Defendant's Team Leader, Vasquez, Defendant failed to take any ameliorative action and the degrading racial harassment continued unabated.

25. Further, Plaintiff's African American co-workers, Anthony Dapkus and Brandon Copeland, respectively, continuously complained of racial harassment to Defendant's Restaurateur, Patricia Alvarez, to no avail.

26. Defendant never conducted an investigation into the employee complaints of racial harassment and failed to take remedial action in response to Plaintiff's plethora of complaints.

27. Plaintiff consistently pleaded with Defendant's General Manager, Cindy Gutierrez, to stop referring to him as "nigger," to no avail. In response to Plaintiff's pleas that Gutierrez and

other managers cease their use of atrocious racial slurs against African American employees, Gutierrez simply laughed maleficently at Plaintiff.

28. In a final effort to eradicate the abominable racial harassment Plaintiff was forced to endure, Plaintiff complained to Defendant's Apprentice, Jesus Gonzalez, of the managers' rampant use of the term "nigger." Gonzalez blatantly ignored Plaintiff's complaints and failed to take ameliorative action.

29. Subsequently, to Plaintiff's complete dismay, Defendant's Apprentice, Jesus Gonzalez, derisively began sneering, "those niggers are some snitches," referencing Plaintiff's complaints of racial harassment.

30. Moreover, Plaintiff's numerous complaints of racial harassment merely provided additional fodder for Defendant's Hispanic managers to cruelly lambast and torment Plaintiff because of his race, African American.

31. Following Plaintiff's slew of complaints of racial harassment, Defendant's Hispanic managers berated Plaintiff, frequently addressing Plaintiff as "snitch-ass nigger" and "bitch-ass nigger."

32. Abhorrently, Plaintiff was drenched, at the sink washing dishes, when Apprentice Jesus Gonzalez demanded, "nigger, come take this garbage out!" When Plaintiff explained that it was snowing and freezing outside and he was soaking wet, with no coat, Gonzalez growled, "nigger, we can go outside and throw these hands," threatening to physically beat Plaintiff.

33. Immediately thereafter, in January of 2013, when Plaintiff arrived for his scheduled shift, Jesus Gonzalez, Defendant's Apprentice, informed Plaintiff that he was not permitted to clock in for work. Rather, Gonzalez ordered Plaintiff to go home, advising him to return the following day

for a meeting with Cindy Gutierrez prior to commencing his shift.

34. The next day, upon Plaintiff's arrival for his shift, Cindy Gutierrez, Defendant's Hispanic General Manager, triumphantly announced to Defendant's Apprentice, Jesus Gonzalez, "I'm gonna get rid of this nigger!"

35. Within minutes of proclaiming, "I'm about to fire this nigger," Defendant's General Hispanic Manager, Gutierrez, one of the main perpetrators of the abusive racial harassment Plaintiff suffered daily, summarily terminated Plaintiff's employment with Defendant.

36. Despite several inquiries by Plaintiff as to the impetus for his unexpected termination, Cindy Gutierrez, Defendant's Hispanic General Manager, failed to provide Plaintiff a reason for the termination of his employment from Defendant.

37. Accordingly, Plaintiff requested to speak with Defendant's Hispanic Restaurateur, Patricia Alvarez. In response to Plaintiff's inquiry regarding the reason for his termination, Alvarez merely stated, "Cindy just told you why you were fired."

38. Thereafter, Plaintiff asked to meet with Stephanie Vasquez, Defendant's Team Leader, and was advised to return to the South Loop restaurant the following day.

39. When Plaintiff returned to South Loop to meet with Stephanie Vasquez, Defendant's Hispanic Team Leader, seeking a reason for his unwarranted termination, Vasquez summarily stated that Plaintiff was terminated for alleged tardiness.

40. Upon hearing Vasquez' explanation for his termination, Plaintiff was incredulous and enunciated that he was never late for work and had never received any write-ups for tardiness.

41. As a result of the soul-crushing, dehumanizing racial harassment Plaintiff was forced to endure during his employment with Defendant, Plaintiff has suffered emotional harm and stress.

42. The aforementioned acts and omissions of Defendant constitute intentional discrimination against Plaintiff on the basis of his race, African-American, and have deprived Plaintiff of the enjoyment of all benefits, privileges, terms, and conditions of his employment relationship in violation of 42 U.S.C. § 1981.

43. As a direct and proximate result of the above alleged willful and reckless acts or omissions of Defendant, Plaintiff has suffered damages, including but not limited to, lost and foregone wages and benefits, and physical and severe emotional harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAVID FINNEY JR., prays for judgment against Defendant and respectfully requests that this Honorable Court:

A. Declare the conduct of Defendant to be a violation of rights guaranteed to Plaintiff pursuant to appropriate federal law;

B. Grant a permanent injunction restraining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that unlawfully discriminates on the basis of race;

C. Order Defendant to make whole DAVID FINNEY JR., by providing the affirmative relief necessary to eradicate the effects of Defendant's unlawful practices;

D. Order Defendant to pay lost, foregone, and future wages to DAVID FINNEY JR.

E. Grant Plaintiff the consequential, compensatory, punitive and any other damages that the Court may deem appropriate;

F. Grant Plaintiff his attorneys' fees, costs, and disbursements; and

G. Grant Plaintiff such further relief as the Court deems necessary and proper in the

public interest.

## JURY TRIAL DEMAND

44. Plaintiff requests a jury trial on all issues of fact and law raised by the allegations in this Complaint.

                                              Respectfully submitted,
                                              By: s/ Lisa Kane
                                              Lisa Kane, Attorney for Plaintiff

Lisa Kane & Associates
Attorney for Plaintiff
141 West Jackson Boulevard, Suite 3620
Chicago, Illinois 60604
(312) 606-0383
lisakane@sbcglobal.net
Attorney Code No. 06203093